**IN RE: Mark Kristen MCGEHEE, Debtor**

**Mark Kristen McGehee, Plaintiff**

**v.**

**Navient Solutions, Inc.; Educational Credit Management Corporation; and The Art Institute of Pittsburgh, Defendants**

No. 1:13–bk–13399–NWW
Adv. No. 1:15–ap–01118–NWW

United States Bankruptcy Court, E.D. Tennessee.

Signed January 11, 2016

Filed January 12, 2016

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, TN, for Plaintiff.

Peter W. Homer, Homer Bonner Jacobs, P.A., Miami, FL, for Defendant Art Institute of Pittsburgh.

Jeffrey W. Maddux, Chambliss, Bahner & Stophel, P.C., Chattanooga, TN, for Defendant Educational Credit Management Corp.

## ORDER

Nicholas W. Whittenburg, UNITED STATES BANKRUPTCY JUDGE

This adversary proceeding is before the court on the Defendant the Art Institute of Pittsburgh's Motion to Compel Arbitration and Dismiss, or Alternatively, Stay Proceedings Pending Arbitration filed on December 17, 2015. The plaintiff did not file a response to the motion within twenty-one days after it was filed, and this court construes a failure timely to respond to a motion in an adversary proceeding "to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1(a).

Based on the allegations in the amended complaint and the uncontested contentions reflected in the motion and the sworn declaration of Elden Monday filed with the motion, it appears that the plaintiff and The Art Institute entered into the Enrollment Agreement, a copy of which is attached to the declaration. That agreement provides:

> Any dispute or civil claim (other than disputes or claims regarding non-payments, grades, or other academic evaluations) between the student and The Art Institute of Pittsburgh or any company that is an affiliate of The Art Institute of Pittsburg, or any of the officers, directors, [indecipherable], employees or agents of The Art Institute of Pittsburgh or such companies that is not resolved with The Art Institute of Pittsburgh or regulatory officials shall be submitted to binding arbitration in the City of Pittsburgh, Pennsylvania under the terms of the Federal Arbitration Act and the commercial arbitration rules of the American Arbitration Association.

The movant contends that this provision mandates the arbitration of the claims the plaintiff asserts against The Art Institute in this adversary proceeding.

The plaintiffs claims against The Art Institute are non-core claims. He asserts that: (1) The Art Institute fraudulently induced him to enroll and incur student loan debt in order to fund his enrollment by promising instruction and job placement assistance that he did not in fact receive, Am. Compl. to Determine Dischargeability ¶¶ 26–29; (2) The Art Institute's failure to provide quality instruction and placement assistance constitutes a

breach of its contract with the plaintiff, *id.* 30; (3) The Art Institute was unjustly enriched by his tuition, *id.* ¶ 32; and (4) The Art institute is financially responsible for the plaintiff's debts to Navient Solutions, Inc., and Educational Credit Management Corporation, *id.* ¶ 47.*

■■■■ The Federal Arbitration Act establishes a federal policy favoring arbitration, requiring courts to rigorously enforce arbitration agreements. *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Pursuant to the Act, agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a party opposes arbitration, that party must demonstrate that Congress intended to make an exception to the Act. *McMahon,* 482 U.S. at 226–27, 107 S.Ct. 2332. "In general, bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement relating to a non-core proceeding." *Whiting–Turner Contracting Co. v. Electric Mach. Enters., Inc. (In re Electric Mach. Enters., Inc.),* 479 F.3d 791, 796 (11th Cir.2007).

■■■■ Generally, a court need only decide whether a valid arbitration agreement exists and whether the dispute falls within the scope of that agreement in order to determine whether a dispute must be submitted to arbitration. *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003) ("Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement."). Any doubts regarding the scope of the agreement must be resolved in favor of arbitration. *Id.* at 625. The Enrollment Agreement between the parties requires arbitration of "[a]ny … dispute or civil claim" between the parties, excepting claims regarding non-payment, grades, or other academic evaluations. The plaintiff's claims fall easily within the broad scope of this provision. In light of the plaintiffs failure to oppose the motion and the strong public policy favoring arbitration, the court will grant The Art Institute's motion and stay the adversary proceeding against The Art Institute pending completion of arbitration.

For the foregoing reasons, it is hereby ORDERED that the Defendant the Art Institute of Pittsburgh's Motion to Compel Arbitration and Dismiss, or Alternatively, Stay Proceedings Pending Arbitration, filed on December 17, 2015, is GRANTED and this adversary proceeding is hereby STAYED with respect to The Art Institute of Pittsburgh. The proceeding will go forward with respect to Navient Solutions, Inc., and Educational Credit Management Corporation in accordance with the scheduling order entered on November 4, 2015.

---

* The plaintiff also alleges a claim or defense pursuant to 34 C.F.R. §§ 685.206(c) and 682.209(g). Am. Compl. To Determine Dischargeability ¶¶ 34–37. Though his intent is not entirely clear, this appears to be a defense to repayment of Navient Solutions, Inc., and Educational Credit Management Corporation based on the plaintiff's claims against The Art Institute, not an independent claim against The Art Institute.